UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JACK SCHWARTZ,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.; et al.,

    Defendants.

3:10-cv-0556-LRH-VPC

ORDER

       Before the court is defendants JP Morgan Chase Bank, N.A. ("JP Morgan") and California Reconveyance Company's ("CRC") (collectively "defendants") motions to dismiss and expunge lis pendens filed on September 29, 2010. Doc. ##6,8.[1] Plaintiff Jack Schwartz ("Schwartz") filed an opposition (Doc. #12) to which defendants replied (Doc. #14).

**I.   Facts and Procedural History**

       In December, 2006, Schwartz refinanced real property through a mortgage note and deed of trust originated and executed by non-party Washington Mutual Bank. Eventually, Schwartz defaulted on the mortgage note and defendants initiated non-judicial foreclosure proceedings.

       Subsequently, Schwarz filed a complaint against defendants alleging thirteen causes of action: (1) Nevada Unfair Lending Practices Act, NRS 598D.100; (2) civil conspiracy;

---

[1] Refers to the court's docket entry number.

1  (3) injunctive relief; (4) declaratory relief; (5) wrongful foreclosure; (6) fraud through omission;
2  (7) quiet title; (8) contractual breach of good faith and fair dealing; (9) tortious breach of good faith
3  and fair dealing; (10) civil conspiracy; (11) racketeering; (12) unjust enrichment; and (13) fraud in
4  the inducement. Doc. #1, Exhibit 1. Thereafter, moving defendants filed the present motions to
5  dismiss and expunge lis pendens. Doc. ##6, 8.

**II.   Legal Standard**

Defendants seek dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. To survive a motion to dismiss for failure to state a claim, a complaint must satisfy the Federal Rule of Civil Procedure 8(a)(2) notice pleading standard. *See Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1103 (9th Cir. 2008). That is, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Rule 8(a)(2) pleading standard does not require detailed factual allegations; however, a pleading that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" will not suffice. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Furthermore, Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 1949 (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference, based on the court's judicial experience and common sense, that the defendant is liable for the misconduct alleged. *See id.* at 1949-50. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 1949 (internal quotation marks and citation omitted).

In reviewing a motion to dismiss, the court accepts the facts alleged in the complaint as

2

true. *Id.* However, "bare assertions . . . amount[ing] to nothing more than a formulaic recitation of the elements of a . . . claim . . . are not entitled to an assumption of truth." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1951) (brackets in original) (internal quotation marks omitted). The court discounts these allegations because "they do nothing more than state a legal conclusion—even if that conclusion is cast in the form of a factual allegation." *Id.* (citing *Iqbal*, 129 S. Ct. at 1951.) "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Id*.

**III.    Discussion**

Moving defendants filed the present motion to dismiss all claims alleged in Schwartz's complaint. *See* Doc. #6. In his opposition, Schwartz concedes that his causes of action for wrongful foreclosure and unjust enrichment are improper and should be dismissed. Doc. #12. Further, Schwartz concedes that his causes of action for fraud in the omission, civil racketeering, and fraud in the inducement are not pled with sufficient particularity in accordance with Rule 9 of the Federal Rules of Civil Procedure. *Id*. Finally, Schwartz concedes that his tenth cause of action for civil conspiracy is the same as his second cause of civil conspiracy and should be dismissed as repetitive. *Id*. Accordingly, the court shall dismiss these uncontested claims and address the remaining causes of action below.

    **A.  Nevada Unfair Lending Practices Act**

NRS 598D.100 prohibits lenders from making loans "without determining, using commercially reasonable means or mechanisms, that the borrower has the ability to repay the home loan." NRS 598D.100(1)(b). Moving defendants were not involved in the origination of Schwartz's loan. A defendant who did not make the loan at issue cannot be subject to an unfair lending practices claim. *See e.g., Velasquez v. HSBC Mortgage Services,* No. 2:09-cv-0784-KJD-LRL, 2009 WL 2338852, *3 (D. Nev. 2009).

3

Additionally, the court notes that Schwartz's complaint references a version of the act after it was amended in 2007. Schwartz's loan originated in 2006. Thus, Schwartz's loan which was issued before the amendment cannot have violated the new Nevada statute requiring a determination that the borrower has the ability to repay the loan.

**B. Civil Conspiracy**

To establish a claim for civil conspiracy, a plaintiff must allege: (1) the commission of an underlying tort; and (2) an agreement between the defendants to commit that tort. *GES, Inc. v. Corbitt*, 21 P.3d 11, 15 (Nev. 2001). Further, the cause of action must be pled with particular specificity as to "the manner in which a defendant joined in the conspiracy and how he participated in it." *Arroyo v. Wheat*, 591 F. Supp. 141, 144 (D. Nev. 1984).

Here, Schwartz vaguely alleges that defendants took part in a conspiracy to deprive him of his property. However, there are no allegations in the complaint relating as to how defendants joined the conspiracy, how they participated in the conspiracy, or what actions they took in furtherance of the conspiracy. Thus, Schwartz has failed to allege any actionable misconduct by moving defendants. As such, his conspiracy claim is unsustainable and shall be dismissed.

**C. Quiet Title**

Under Nevada law, a quiet title action may be brought by someone who claims an adverse interest in property. NRS § 40.010. Here, no defendant claims an interest in the property that is adverse to Schwartz because his interest in the property was encumbered and subject to repayment of the subject loan. Therefore, Schwartz has no grounds to quiet title against moving defendants.

**D. Breach of Good Faith and Fair Dealing**

**1. Contractual Breach**

Under Nevada law, "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and execution." *A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 9 (Nev. 1989) (quoting Restatement (Second) of Contracts § 205). To establish a claim for

4

1 breach of the implied covenant of good faith and fair dealing, a plaintiff must show that: (1) the
2 plaintiff and defendant were parties to a contract; (2) the defendant owed a duty of good faith and
3 fair dealing to the plaintiff; (3) the defendant breached his duty by performing in a manner
4 unfaithful to the purpose of the contract; and (4) the plaintiff's justified expectations were denied.
5 *See Perry v. Jordan*, 134 P.3d 698, 702 (Nev. 2006) (citing *Hilton Hotels Corp. v. Butch Lewis*
6 *Prod. Inc.*, 808 P.2d 919, 922-23 (Nev. 1991).

7 Here, Schwartz alleges that defendants breached the implied covenant because they
8 misrepresented the cost of credit involved in the loan agreement. However, moving defendants
9 were not a party to the origination of the loan. Thus, moving defendants could not have
10 misrepresented any portion of the loan agreement.

11 **2. Tortious Breach**

12 Schwartz also alleges that defendants breached their fiduciary duties in their dealings with
13 him. Generally, a loan servicer does not owe a borrower a fiduciary duty. *See Yerington Ford, Inc.*
14 *v. General Motors Acceptance Corp.*, 359 F.Supp.2d 1075, 1092 (D. Nev. 2004). Absent a duty,
15 there can be no breach. *See A.C. Shaw Constr. v. Washoe County*, 784 P.2d 9, 10 (Nev. 1989).

16 Because Schwartz has failed to allege sufficient facts to establish that moving defendants
17 acted outside their capacity as loan servicers, which does not, in itself, create a fiduciary
18 relationship, Schwartz's claim for breach of a fiduciary duty fails to state a claim upon which relief
19 can be granted.

20 **E.  Injunctive and Declaratory Relief**

21 Claims for injunctive or declaratory relief are remedies that may be afforded to a party after
22 he has sufficiently established and proven his claims; they are not a separate causes of action. Here,
23 Schwartz's claims fail to establish any claim for relief. Accordingly, Schwartz is not entitled to
24 injunctive or declaratory relief.

25 ///

26

5

### F. Request to Amend

Schwartz concedes in his opposition that his fraud-based causes of action are not plead with sufficient particularity in accordance with Rule 9 and requests leave to amend his complaint as to these causes of action. *See* Doc. #12. However, Schwartz has not provided any argument or factual allegation demonstrating his ability to assert a viable fraud-based claim in an amended pleading and overcome the pleading defects of his initial complaint. Further, Schwartz did not attach a proposed amended complaint for the court's review in accordance with LR 15-1. Accordingly, the court shall deny Schwartz's request to amend his complaint.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. #6) is GRANTED. Defendants JP Morgan Chase Bank, N.A. and California Reconveyance Company are DISMISSED as defendants.

IT IS FURTHER ORDERED that defendants' motion to expunge the lis pendens (Doc. #8) is GRANTED. Defendants JP Morgan Chase Bank, N.A. and California Reconveyance Company shall file an appropriate order with the court expunging the lis pendens and submit the same for signature.

IT IS FURTHER ORDERED that plaintiff's motion to extend time (Doc. #9) is GRANTED nunc pro tunc.

IT IS SO ORDERED.

DATED this 19th day of November, 2010.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE