UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

JACK SCHWARTZ,

    Plaintiff,

v.

JP MORGAN CHASE BANK, N.A.; et al.,

    Defendants.

3:10-cv-0556-LRH-VPC

ORDER

Before the court is prior counsel for plaintiff Jack Schwartz ("Schwartz"), Tory M. Pankopf's ("Pankopf"), motion for adjudication and enforcement of attorney's lien in the amount of four hundred two thousand five hundred dollars ($402,500). Doc. #42.[1]

**I.   Facts and Procedural History**

Schwartz retained Pankopf to file the underlying wrongful foreclosure action against defendants. *See* Doc. #1, Exhibit 1. As part of the retainer agreement, Schwartz contracted to pay Pankopf $402,500 for his professional services in filing the underlying complaint and in stalling out the foreclosure of Schwartz's residence until after September 15, 2010. *See* Doc. #42, Exhibit 1. On November 3, 2010, after completing briefing on certain defendants' motion to dismiss, Pankopf filed a substitution of counsel and withdrew as counsel of record for Schwartz. Doc. #16.

---

[1] Refers to the court's docket entry number.

On November 22, 2010, the court issued an order granting certain defendants' motion to dismiss and dismissing those defendants from this action. Doc. #25. In response, Schwartz voluntarily dismissed his complaint against the remaining defendants. Doc. #44. Thereafter, Pankopf filed the present motion for enforcement of attorney's lien.

## II.     Discussion

In Nevada, an attorney may obtain a charging lien against a client for unpaid legal fees against any proceeds and recovery from judgment in the particular action in which the lawyer performed services. NRS § 18.105. However, such a charging lien applies only to "the judgment or settlement [that] the attorney has obtained for the client." *Argentena Consolidated Mining Co., v. Jolley Urga Wirth Woodbury & Standish*, 216 P.3d 779, 783 (Nev. 2009).

Here, the court finds that Pankopf did not obtain any affirmative relief for Schwartz while Pankopf was counsel of record. No judgment was entered or settlement reached in this action during Pankopf's representation. Rather, after Pankopf's withdrawal this action was dismissed in its entirety. Therefore, the court finds that Pankopf is not entitled to a charging lien in this action. Accordingly, the court shall deny Pankopf's motion for adjudication and enforcement of attorney's lien.

IT IS THEREFORE ORDERED that former counsel Tory M. Pankopf's motion for adjudication and enforcement of attorney's lien (Doc. #42) is DENIED.

IT IS SO ORDERED.

DATED this 28th day of June, 2011.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

2